UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 104750 / January 30, 2026

Admin. Proc. File No. 3-19185

In the Matter of the Application of

SOUTHEAST INVESTMENTS, N.C., INC. and
FRANK HARMON BLACK

For Review of Disciplinary Action Taken by

FINRA

ORDER DENYING MOTION TO DISMISS AND REISSUING PREVIOUS OPINION AND ORDER WITH RESPECT TO CERTAIN CLAIMS

On December 7, 2023, the Commission issued an opinion and order sustaining in part and remanding in part disciplinary action taken by FINRA against Southeast Investments, N.C., Inc. and Frank Harmon Black (collectively, "Applicants").[1] In that opinion and order (the "2023 Order"), the Commission sustained FINRA's findings of violations and sanctions imposed against Applicants for failure to establish, maintain, and enforce a supervisory system and written supervisory procedures reasonably designed to ensure the retention of business-related emails ("supervisory violations") and failure to preserve 16 emails in the firm's records ("email preservation violations"). The Commission set aside FINRA's remaining findings of violations and sanctions imposed against Applicants for testifying falsely and producing fabricated documents to FINRA, and remanded to FINRA "with respect to" those claims ("remanded claims").[2] The Commission stated that such remand might include further record development through cross-examination of four witnesses relevant to the remanded claims.

Applicants then filed a petition for review of the 2023 Order in the United States Court of Appeals for the Fourth Circuit. On appeal, the Commission argued that the portion of the 2023 Order sustaining FINRA's findings and sanctions for the supervisory and email preservation violations (collectively, "sustained claims") constituted a final order subject to the

---

1 *Se. Invs., N.C., Inc.*, Exchange Act Release No. 99118, 2023 WL 8527162 (Dec. 7, 2023); *see also Dep't of Enf't v. Se. Invs., N.C., Inc.*, Complaint No. 2014039285401 (NAC May 23, 2019), https://www.finra.org/sites/default/files/2019-05/NAC_2014039285401_Southeast-Black_052319.pdf (decision that Applicants appealed to the Commission).

2 *Se. Invs.*, 2023 WL 8527162, at *1, *17.

court's review.[3] The Fourth Circuit, however, rejected that argument and dismissed Applicants' petition for lack of jurisdiction.[4]

On June 6, 2025, FINRA issued a decision dismissing the remanded claims in light of, among other things, the fact that only one of the four witnesses identified in the 2023 Order could be compelled to testify before FINRA ("FINRA Remand Decision").[5] On remand, FINRA did not conduct any evidentiary proceedings. And FINRA's decision stated that, on remand, it did "not address or revisit" the sustained claims because they were not "before [it] on remand." Applicants then filed a second petition for review in the Fourth Circuit, in which they contended, based on the court's previous holding and the FINRA Remand Decision, that the 2023 Order "is now 'final,' . . . as of June 6, 2025."[6] Soon thereafter, Applicants filed a "motion to dismiss" in this proceeding requesting that the Commission (1) "affirm[] with prejudice" FINRA's dismissal of the remanded claims, (2) "dismiss[] with prejudice" all claims that FINRA brought against them—including the remanded claims—"because FINRA's adjudicatory process is unconstitutionally structured," (3) "reconsider" and "reverse" the portion of the 2023 Order sustaining FINRA's findings of violation and sanctions for the email preservation violations because the 16 emails that were not preserved were not business-related, and (4) award Applicants attorney fees, costs, and damages.[7] FINRA filed a response giving notice that it construes Applicants' motion to dismiss as a request for reconsideration under Commission Rule of Practice 470 and urging the Commission to interpret the motion "in a similar fashion."[8]

Addressing the relief that Applicants seek, we deny their motion to dismiss for the reasons set forth below. Solely because the Fourth Circuit previously held that the 2023 Order was not final, we also now reissue it with respect to the sustained claims to enable judicial review of the Commission's determinations regarding those claims in the 2023 Order.

We first find that we have no basis to affirm FINRA's dismissal of the remanded claims. Applicants have not filed an application for review of the FINRA Remand Decision under

---

[3] *Black v. SEC*, No. 23-2297, 2024 WL 3849539, at *34 (4th Cir. Aug. 8, 2024), ECF No. 59 (respondent's brief) (citing *Saliba v. SEC*, 47 F.4th 961, 968 (9th Cir. 2022)).

[4] *Black v. SEC*, 125 F.4th 541, 547 (4th Cir. 2025) (explaining that Applicants "must await the conclusion of the remand proceedings to FINRA" and would be entitled to petition for review by the court "only . . . if they are ultimately 'aggrieved' by the [Commission]'s 'final order' resolving the entire case").

[5] *Dep't of Enf't v. Se. Invs., N.C., Inc.*, Complaint No. 2014039285401r (NAC June 6, 2025), https://www.finra.org/sites/default/files/2025-06/2014039285401r-Southeast-Investments-Black-20250606.pdf.

[6] *Black v. SEC*, No. 25-1718 (4th Cir. June 25, 2025), ECF No. 3 (petition for review).

[7] The Fourth Circuit subsequently held the case in abeyance pending the Commission's decision on Applicants' motion to dismiss. *Black*, No. 25-1718 (4th Cir. Aug. 1, 2025), ECF No. 34 (order).

[8] 17 C.F.R. § 201.470. Rule 470(b) provides that "[n]o response to a motion for reconsideration shall be filed unless requested by the Commission."

Exchange Act Section 19(d).[9] Nor could they. To obtain review of a decision of a self-regulatory organization ("SRO") under Section 19(d), a person must demonstrate that the decision "imposes a[] final disciplinary sanction" or takes some other action specified in that section.[10] Those specified actions do not include an SRO's decision *not* to sanction a party.[11] Because the FINRA Remand Decision dismissed the remanded claims, made no new findings of violation, and imposed no new sanctions, Section 19(d) does not authorize the Commission to review it. Section 19(d) also separately requires that a person be "aggrieved," by SRO action to obtain Commission review.[12] And a person is not aggrieved by an SRO disciplinary decision that, like the FINRA Remand Decision, does not make any findings of violation or impose sanctions.[13] For these reasons, the remanded claims are not before us, and we thus can neither affirm their dismissal by FINRA nor direct dismissal of what is already dismissed.[14]

We also reject Applicants' various challenges to the sustained claims as improperly raised. In its 2023 Order, the Commission completed its review of the sustained claims under the standard established by Exchange Act Section 19(e) for challenges to an SRO's final disciplinary sanction and underlying findings of violation, and explained in detail why it sustained them.[15] The Commission's decision with respect to the sustained claims was not contingent on, or otherwise subject to, the outcome of its remand of other claims to FINRA, nor was it affected by FINRA's dismissal of the remanded claims.[16] Indeed, by filing petitions for review of the

---

[9] 15 U.S.C. § 78s(d).

[10] *Id.* (permitting, under specified conditions, appeals to the Commission of final disciplinary sanctions, denials of membership or participation, prohibitions or limitations of access to services, and associational bars imposed by an SRO).

[11] *See generally id.*

[12] *Id.* (authorizing Commission review of specified SRO actions "upon [timely] application by any person aggrieved thereby").

[13] *See, e.g., Daniel M. Pecoraro*, Exchange Act Release No. 24980, 1987 WL 110280, at *1 n.1 (Oct. 2, 1987) (finding that party was not "aggrieved" by SRO action under Exchange Act Section 19(d) and dismissing its appeal because SRO did not make findings against or impose any sanction on the party); *cf. Sebastian G. Bongiovanni*, Exchange Act Release No. 101863, 2024 WL 5088777 (Dec. 10, 2024) (dismissing application for review of FINRA disciplinary action barring applicant where FINRA had vacated the underlying bar); *Sec. Indus. & Fin. Mkts. Ass'n*, Exchange Act Release No. 85802, 2019 WL 2022819, at *3 n.22 (May 7, 2019) ("[I]t is unclear how CTA could establish that it has standing as an aggrieved party to contest the dismissal of lawsuits against it."). Federal courts apply the same principle. *See Matter of Riverstone Resort, L.L.C.*, 122 F.4th 576, 582 (5th Cir. 2024) ("It is more than well-settled that only an aggrieved party may appeal a judgment. A party is generally not 'aggrieved' when it wins a favorable judgment." (internal citations omitted)).

[14] *See also Se. Invs.*, 2023 WL 8527162, at *17 (setting aside FINRA's findings of violations and sanctions in connection with the remanded claims).

[15] 15 U.S.C. § 78s(e)(1).

[16] *Se. Invs.*, 2023 WL 8527162, at *1, *7-10, *13-15, *17.

2023 Order in the Fourth Circuit, Applicants have twice implicitly recognized that there is nothing more for the Commission to do with respect to the sustained claims. As explained below, if Applicants believed there were grounds to request reconsideration of the sustained claims and sanctions under Commission Rule 470, any such request was due within ten days of the 2023 Order. The Commission has repeatedly held that it will not "revisit" matters that, like the sustained claims here, fall outside the scope of its previous remand.[17] Applicants identify no basis here for departing from our established practice.[18]

We also find that Applicants forfeited their present challenges to the sustained claims because Applicants first raised those challenges in their motion to dismiss, which they filed more than a year after the 2023 Order was issued. Our Rule of Practice 420(c) provides that "[a]ny exception to a determination not supported in an opening brief . . . may, at the discretion of the Commission, be deemed to have been waived by the applicant."[19] Applicants do not assert that they could not have included their constitutional arguments—which allege violations of Articles II and III of the United States Constitution, the Fifth and Seventh Amendments to the Constitution, and the private nondelegation doctrine—in the opening brief they filed in 2019. Moreover, Applicants never sought leave to file a supplemental brief raising their constitutional arguments with the Commission,[20] even though they filed a civil action making similar arguments prior to the Commission issuing the 2023 Order.[21] Nor do Applicants explain why they waited until now to argue before the Commission that the 16 emails underlying FINRA's findings of violation and sanctions for the email preservation violations were not business-

---

[17] *See, e.g.*, *John Joseph Plunkett*, Exchange Act Release No. 73124, 2014 WL 4593195, at *1, *6 (Sept. 16, 2014) (rejecting applicant's "attempt to improperly expand the scope of . . . appeal beyond the narrow issue . . . remanded to FINRA" because applicant challenged determinations that were "conclusively decided" by Commission's prior opinion, not remanded to FINRA, and thus "not . . . before the Commission" following applicant's appeal of remand decision imposing modified sanctions (cleaned up)).

[18] *See, e.g.*, *Bruce Zipper*, Exchange Act Release No. 100777, 2024 WL 3876042, at *6 (Aug. 20, 2024) (rejecting applicant's reassertion of earlier arguments "because the Commission previously rejected them in its prior opinion, and these issues were beyond the scope of the Commission's remand").

[19] Rule 420(c), 17 C.F.R. § 201.420(c).

[20] We reject Applicants' argument that it is "not reasonable" to expect them to have raised their constitutional arguments in 2019 since the Commission did not issue its order until 2023. Applicants' argument shows that they had more than enough time to have filed a motion to submit a supplemental brief raising their new arguments with the Commission before it issued the 2023 Order.

[21] *See Black v. FINRA*, No. 3:23-cv-00709 (W.D.N.C. Oct. 30, 2023), ECF No. 1 (complaint). We take official notice of Applicants' complaint and the other filings and orders referenced herein under Rule of Practice 323 as "material fact[s] which might be judicially noticed by a district court of the United States." 17 C.F.R. § 201.323; *United States v. Fowler*, 58 F.4th 142, 152 (4th Cir. 2023) (recognizing that "judicial notice of ascertainable facts" includes "noticing the content of court records" (internal citation omitted)).

related. Accordingly, we find that Applicants have forfeited their new arguments, and we thus deemed them waived under our Rules of Practice.[22]

Applicants contend that their constitutional claims—but not their new challenges to the email preservation violations and related sanctions—are structural challenges that cannot be waived or forfeited. But "[n]o procedural principle is more familiar . . . than that a constitutional right, or a right of any other sort, may be forfeited . . . by the failure to make timely assertion of the right."[23] Put differently, challenges premised on constitutional claims are not exempt from "ordinary principles of waiver and forfeiture."[24] *Freytag v. Commissioner of Internal Revenue*, on which Applicants rely, is not to the contrary.[25] The *Freytag* Court did not hold that the belated structural arguments at issue in that case were exempt from waiver and forfeiture, only that the proceeding was a "rare case" in which it was appropriate to exercise discretion to hear those arguments.[26] Consistent with that high bar, the Commission and the courts have since

---

22 *Cf. Canady v. SEC*, 230 F.3d 362, 365 (D.C. Cir. 2000) ("[I]t was not arbitrary for the Commission to deem forfeited Canady's statute of limitations defense which was neither briefed to the ALJ nor raised in Canady's exceptions to his decision—nor urged by Canady at any time before the Commission's opinion on review.").

23 *United States v. Olano*, 507 U.S. 725, 731 (1993) (citation omitted).

24 *See, e.g.*, *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) (internal citation omitted); *see also MFS Sec. Corp. v. SEC*, 380 F.3d 611, 622 (2d Cir. 2004) (holding that "general administrative exhaustion principles apply to SROs").

25 501 U.S. 868 (1991).

26 *Id.* at 879; *cf. Gonnella v. SEC*, 954 F.3d 536, 546 (2d Cir. 2020) ("Gonnella has not shown that this is 'one of those rare cases' under *Freytag* that merits excusing forfeiture, and he has not shown reasonable grounds that would excuse his failure to object under the statutory scheme. Since Gonnella did not raise a constitutional argument to the ALJ or to the Commission, either in his initial briefs or via supplemental briefing prior to the Commission's final decision, he may not raise this objection now.").

repeatedly held that constitutional claims like those Applicants now raise before us for the first time were waived or forfeited.[27] So too here.[28]

We will likewise not grant reconsideration of the 2023 Order. Under Rule of Practice 470, a motion for reconsideration must be filed "within 10 days after service of the order complained of, or within such time as the Commission may prescribe upon motion for extension of time."[29] Applicants filed their motion to dismiss more than a year after the 2023 Order was served on them, never requested an extension of the reconsideration period, and now make no attempt to explain their lack of diligence.[30] In any event, a party may not use a motion for reconsideration to assert new arguments that it could have made before the order being challenged was issued, as is the case here.[31]

---

27 *See, e.g.*, *Alexandre S. Clug*, Exchange Act Release No. 90385, 2020 WL 6585907, at *3 n.15 (Nov. 9, 2020) (finding that respondent expressly waived, or forfeited by failing to preserve, his constitutional challenges to adjudication before an ALJ, including under the Appointments Clause, Article II as applied in *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010), and the Seventh Amendment); *Vanda Pharms., Inc. v. FDA*, 150 F.4th 563, 579 (D.C. Cir. 2025) (finding that petitioner "forfeited its Appointments Clause challenge by failing to raise it before the agency"); *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 207 (4th Cir. 2022) (same where petitioner failed to timely raise claim before agency); *Springsteen-Abbott v. SEC*, 989 F.3d 4, 7 (D.C. Cir. 2021) (finding petitioner's "ambitious constitutional arguments" that FINRA's "adjudication violated the Appointments Clause as well as the Constitution's Due Process guarantee" were "futile" because "Congress has prohibited us from considering issues not raised before the [Commission]"); *3484, Inc. v. NLRB*, 137 F.4th 1093, 1112 (10th Cir. 2025) (finding that court lacked jurisdiction to consider claims that agency's "adjudication violated their constitutional rights to a jury trial 'before an independent, life-tenured judge' under Article III and the Seventh Amendment" because those claims were not raised before the agency (citation omitted)); *cf. In re Dimas*, 14 F.4th 634, 640 n.3 (7th Cir. 2021) (finding argument under *Stern v. Marshall*, 564 U.S. 462 (2011), which found that bankruptcy court could not exercise jurisdiction consistent with Article III over counterclaim filed by bankruptcy estate against a party that had filed a proof of claim in the bankruptcy proceeding, to be waived).

28 Because Applicants forfeited their constitutional claims by failing to timely raise them before the Commission, we need not address their argument that they were not required to raise the claims before FINRA.

29 17 C.F.R. § 201.470(b).

30 *See Edward M. Daspin*, Exchange Release No. 98554, 2023 WL 6307096 (Sept. 27, 2023) (denying untimely motion for reconsideration).

31 *See, e.g.*, *Richard G. Cody*, Exchange Act Release No. 65235, 2011 WL 3840536, at *2 (Aug. 31, 2011) (denying request for reconsideration, in part, because respondent raised new arguments that could have been raised in his original brief).

Finally, there is no basis to award "attorney fees, costs, and damages" in this proceeding as Applicants request.[32] Applicants contend that these remedies are available under Exchange Act Section 19(h)(1) and the Equal Access to Justice Act ("EAJA").[33] But Section 19(h)(1) applies only in proceedings instituted by the Commission against SROs; it "does not authorize claims by private parties against SROs," such as Applicants' request for damages.[34] Similarly, EAJA "does not apply to [SRO] proceedings" or the Commission's review of appeals from SRO proceedings.[35] Applicants also concede that they have not filed an application for EAJA relief.

As explained above, the Commission has considered and resolved all questions presented from the FINRA disciplinary proceeding against Applicants. The 2023 Order addressed all properly raised challenges to FINRA's determinations concerning the sustained claims, and the 2023 Order sustained FINRA's findings of violations and sanctions based on them. In addition, the 2023 Order set aside FINRA's findings of violations and sanctions with respect to the remanded claims and remanded those claims to FINRA. Within 60 days after the 2023 Order was issued, Applicants filed a petition for review of it in the Fourth Circuit.[36] Earlier this year, the Fourth Circuit held that the 2023 Order was not a final order and dismissed Applicants' petition for review.[37] FINRA later dismissed the remanded claims. Applicants filed a second petition for review within 60 days of FINRA's dismissal of the remanded claims and later filed the present motion with the Commission. Under these unique circumstances, we now reissue the 2023 Order with respect to the sustained claims. We do so solely because the Fourth Circuit previously held that the 2023 Order was not final. We emphasize that our limited purpose in

---

[32] *See generally* Exchange Act Section 19(e), 15 U.S.C. § 78s(e) (providing no mechanism to award fees, costs, or damages); *see also Plunkett*, 2014 WL 4593195, at *7 (finding that awarding damages to an applicant is "beyond the scope of our authority" under Section 19(e)).

[33] 5 U.S.C. § 504; 15 U.S.C. § 78(h)(1).

[34] *Citadel Sec. LLC*, Exchange Act Release No. 78340, 2016 WL 3853760, at *4 (July 15, 2016) (explaining that Section 19(h)(1) does not authorize the Commission to award damages), *aff'd sub nom.*, *Chicago Bd. Options Exch. v. SEC*, 889 F.3d 837 (7th Cir. 2018).

[35] *Equal Access to Just. Act Rules*, Exchange Act Release No. 18349, 1981 WL 317494, at *2 (Dec. 18, 1981). EAJA does not apply here because, among other things, "the position of an Office or Division of the Commission as a party" was not presented in this proceeding by a "representative who enter[ed] an appearance and participate[d] in the proceeding." 17 C.F.R. § 201.33. The sole parties here are Applicants and FINRA.

[36] *See* 15 U.S.C. § 78y(a)(1).

[37] *Black v. SEC*, 125 F.4th at 547 ("The [2023 Order] is not a final order that is reviewable in this Court, and we therefore lack jurisdiction to consider the petition for review submitted by Black and Southeast."); *compare Saliba*, 47 F.4th at 968 (exercising jurisdiction over Commission order sustaining FINRA sanctions notwithstanding Commission's remand of other matters to FINRA).

doing so is solely to enable judicial review of the Commission's determinations with respect to the sustained claims as contained in the 2023 Order.

Accordingly, it is ORDERED that Applicants' motion to dismiss is denied; and it is FURTHER ORDERED that the opinion and order that the Commission issued in this proceeding on December 7, 2023, is reissued with respect to the sustained claims for the limited purpose stated above.

By the Commission.

Vanessa A. Countryman
Secretary