**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| Frank Harmon Black and Southeast Investments, N.C., Inc., Plaintiffs, | ) | **Case No. 3:23-cv-709-MEO-DCK** |
| v. | ) | |
| Financial Industry Regulatory Authority and Securities and Exchange Commission, Defendants. | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

FINRA respectfully submits this notice of supplemental authority to inform the Court of a March 16, 2026, decision by the Securities and Exchange Commission ("SEC"). *See In re Southeast Inv., N.C., Inc.*, Release No. 34-104995 (Mar. 16, 2026) (hereinafter "March 2026 Order," attached as Ex. 1). On February 4, 2026, FINRA provided notice of an order issued by the SEC on January 30, 2026, terminating the SEC's consideration of Plaintiffs' request for review of the FINRA disciplinary proceeding against them. *See* D.E. 81. Plaintiffs subsequently moved for reconsideration of that January 2026 Order before the SEC. *See* D.E. 82 (notice of supplemental authority). In the March 2026 Order, the SEC denied Plaintiffs' motion for reconsideration, conclusively terminating the SEC's consideration of Plaintiffs' request for review. The March 2026 Order thus bears directly on the arguments raised in FINRA's pending motion to dismiss. *See* D.E. 73; D.E. 73-1.

On December 7, 2023, the SEC affirmed in part and remanded in part the decision of FINRA's National Adjudicatory Council ("NAC") imposing disciplinary sanctions on Plaintiffs. *See Black v. SEC*, 125 F.4th 541, 542 (4th Cir. 2025); D.E. 32-16, at 1-2 (2023 Order). On June 6, 2025, the NAC dismissed all remanded claims. D.E. 69, at 1; D.E. 69-1 (2025 NAC decision). That NAC decision ended FINRA's disciplinary proceeding against Plaintiffs. FINRA

subsequently filed a motion to dismiss in this case, arguing that the 2025 NAC decision deprived this Court of any potential basis for subject-matter jurisdiction because it "moot[ed] [Plaintiffs'] claim to redress the alleged 'here-and-now injury' of being compelled to litigate before a purportedly unconstitutional body and foreclose[d] their attempt to invoke *Axon*'s narrow exception to the Exchange Act's review framework." D.E. 73-1, at 6-10; *see Axon Enter., Inc. v. FTC*, 598 U.S. 175, 189 (2023).

Plaintiffs opposed FINRA's motion to dismiss on the ground that their request for review of their FINRA disciplinary proceeding was then still pending before the SEC. According to Plaintiffs, the "ongoing" SEC proceeding inflicted the "'here-and-now'" injury required for this Court to have subject-matter jurisdiction over this action. D.E. 76, at 9-11 (quoting *Axon*, 598 U.S. at 191). On January 30, 2026, the SEC issued a decision denying Plaintiffs' motion to dismiss the FINRA disciplinary proceeding against them and "reissu[ing] the 2023 Order with respect to the sustained claims" "to enable judicial review" of a final order in a court of appeals under the Exchange Act's review framework. D.E. 81-1 (January 2026 Order), at 1-2, 7-8. The March 2026 Order denied Plaintiffs' motion for reconsideration of the SEC's January 2026 Order. Ex. 1. The SEC's March 2026 Order thus definitively ends all administrative proceedings involving Plaintiffs. Plaintiffs have also filed petitions for review in the Fourth Circuit of the January 2026 Order and the March 2026 Order, which the Fourth Circuit today consolidated. *See* Order, Doc. 53, *Black v. SEC*, 25-1718 (4th Cir. Mar. 18, 2026) (consolidating the petitions in Case No. 25-1718, Case No. 26-1278, and Case No. 26-1307).

Dated: March 18, 2026

Respectfully submitted,

Cory Hohnbaum,
N.C. Bar No. 17453
KING & SPALDING LLP
300 South Tryon Street
Suite 1700
Charlotte, NC 28202
T: (704) 503-2561
F: (704) 503-2622
chohnbaum@kslaw.com

*/s/ Amir C. Tayrani*
Amir C. Tayrani (*pro hac vice*)
Alex Gesch (*pro hac vice*)
Amalia Reiss (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
T: (202) 887-3692
F: (202) 530-9645
ATayrani@gibsondunn.com
AGesch@gibsondunn.com
AReiss@gibsondunn.com

*Attorneys for Defendant Financial Industry Regulatory Authority, Inc.*