# EXHIBIT 1

UNITED STATES OF AMERICA
before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT OF 1934
Release No. 104995 / March 16, 2026

Admin. Proc. File No. 3-19185

| |
|---|
| In the Matter of the Application of<br><br>SOUTHEAST INVESTMENTS, N.C., INC. and<br>FRANK HARMON BLACK<br><br>For Review of Disciplinary Action Taken by<br><br>FINRA |

ORDER DENYING MOTION FOR RECONSIDERATION

On February 9, 2026, Southeast Investments, N.C., Inc. and Frank Harmon Black (collectively, "Applicants") filed a motion for reconsideration of the December 7, 2023 opinion and order of the Securities and Exchange Commission in this proceeding (the "2023 Order"),[1] and the Commission's January 30, 2026 order denying Applicants' motion to dismiss and reissuing the 2023 Order with respect to certain claims solely to enable judicial review of those claims (the "2026 Order").[2] We deny Applicants' motion for the reasons explained below.

Commission Rule of Practice 470 provides that a party may file a motion for reconsideration of a final order issued by the Commission within ten days of service of that order.[3] "The motion for reconsideration shall briefly and specifically state the matters of record alleged to have been erroneously decided, the grounds relied upon, and the relief sought."[4] Reconsideration is an "extraordinary remedy designed to correct manifest errors of law or fact,

---

1 *Se. Invs., N.C., Inc.*, Exchange Act Release No. 99118, 2023 WL 8527162 (Dec. 7, 2023).

2 *Se. Invs., N.C., Inc.*, Exchange Act Release No. 104750, 2026 WL 254538, at *1–2, *4 (Jan. 30, 2026) (reissuing the 2023 Order "with respect to" "the portion of the 2023 Order sustaining FINRA's findings and sanctions for the supervisory and email preservation violations (collectively, 'sustained claims')" "solely to enable judicial review of the Commission's determinations with respect to the sustained claims as contained in the 2023 Order" and "solely because the Fourth Circuit previously held that the 2023 Order was not final").

3 17 C.F.R. § 201.470.

4 Rule of Practice 470(b), 17 C.F.R. § 201.470(b).

or to permit the presentation of newly discovered evidence."[5] Applicants may not use motions for reconsideration to "reiterate arguments previously made or to cite authority previously available," nor may they advance arguments that they could have made before but did not.[6]

Applicants' motion for reconsideration fails to meet these standards. Applicants do not contend that there are any manifest errors of law or fact in the 2026 Order or present any evidence discovered since that Order was issued. The vast majority of their motion is an almost verbatim repetition of the arguments made in their motion to dismiss,[7] including the assertions that the Commission should (1) "dismiss with prejudice" all claims that FINRA brought against them "because FINRA's adjudicatory process is unconstitutionally structured," (2) "reverse" the portion of the 2023 Order sustaining FINRA's findings of violation and sanctions for failure to preserve 16 emails in the firm's records because the emails were not business-related, (3) "affirm with prejudice" FINRA's dismissal of the claims that the 2023 Order remanded to FINRA, and (4) award Applicants attorney fees, costs, and damages. The Commission specifically addressed each of these matters in the 2026 Order, and we will not readdress them here. Because the 2026 Order addressed Applicants' current challenges to the 2023 Order, reconsideration of the earlier order is likewise not appropriate here.

To the extent that Applicants address the reasoning of the 2026 Order in their motion, they mischaracterize it by contending that we "recognized that it is 'appropriate to exercise discretion to hear [belated] arguments.'" Not so. We explained in the 2026 Order that "challenges premised on constitutional claims are not exempt from 'ordinary principles of waiver and forfeiture,'"[8] and that, in *Freytag v. Commissioner of Internal Revenue*, the Supreme Court "did not hold that the belated structural arguments at issue in that case were exempt from waiver and forfeiture, only that the proceeding was a 'rare case' in which it was appropriate to exercise discretion to hear those arguments."[9] In any event, Applicants nowhere challenge our basis for concluding that they forfeited the constitutional arguments first raised in their motion to dismiss.

---

5 *Bruce M. Zipper*, Exchange Act Release No. 84324, 2018 WL 4692884, at *3 (Oct. 1, 2018) (cleaned up).

6 *FCS Secs.*, Exchange Act Release No. 65267, 2011 WL 4448864, at *1 (Sept. 6, 2011); *see also Aparicio-Brito v. Lynch*, 824 F.3d 674, 687 (7th Cir. 2016) (explaining that motions for reconsideration "are not replays of the main event" (citation omitted)).

7 *See Aparicio-Brito*, 824 F.3d at 688 (rejecting motions for reconsideration that did not "highlight[] overlooked facts or case law" but "simply repeat[ed] earlier arguments presented to and rejected by the" agency and were "almost *identical* to the opening motions—same argument structure, same wording, same case law quotations"); *Ceballes v. W. Forge Corp.*, No. 04 CV 02650 MSK CBS, 2007 WL 2288163, at *3 n.2 (D. Colo. Aug. 9, 2007) ("Although the Plaintiff argues now that [she] was attempting to show 'that the Court misapprehended her position on the facts and law,' simply restating the same arguments in almost identical verbiage and with identical legal support is not the proper way to make such a showing.").

8 *Se. Invs.*, 2026 WL 254538, at *3 (quoting *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018)).

9 *Id.* (quoting *Freytag v. Comm'r*, 501 U.S. 868, 879 (1991)).

Nor will we address for the first time on reconsideration Applicants' new argument that we should now dismiss FINRA's claims to "avoid" having to address the constitutional arguments that Applicants themselves failed to timely pursue. Applicants cite for the first time two federal appellate cases (decided in 2013 and 2018) to support this argument. Because Applicants could have previously made this argument and cited this authority, but did not, these are not proper grounds for reconsideration.[10]

Accordingly, it is ORDERED that Applicants' motion for reconsideration is denied.

By the Commission.

Vanessa A. Countryman
Secretary

---

10 *See supra* note 6 and accompanying text.